# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JEFFREY COHEN,               :

      Plaintiff,           :

v.                        : Civ. No. 17-1352-RGA

HONORABLE TRINIDAD NAVARRO,  :
Insurance Commissioner of the State  :
of Delaware, in his capacity as     :
Receiver for Indemnity Insurance   :
Corporation, RRG., In Liquidation,  :

      Defendant.        :

Jeffrey Cohen, FCI Hazelton, Bruceton Mills, West Virginia. Pro Se Plaintiff.

## MEMORANDUM OPINION

May $\cancel{8}$ , 2018
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Jeffrey Cohen, an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed this combined Rule 60(d) independent action for relief from judgment based on fraud on the court and complaint for damages and declaratory/injunctive relief raising 42 U.S.C. § 1983 claims and supplemental state law claims. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 6). The Court now proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a).

## I.    BACKGROUND

Cohen brings this lawsuit against Defendant Trinidad Navarro, the current Insurance Commissioner for the State of Delaware, as the statutory successor to former Insurance Commissioner Karen Weldin Stewart.[1] (D.I. 1 at ¶ 5). Cohen considers both Commissioner Stewart and Commissioner Navarro as the Insurance Commissioner for purposes of this action, but Stewart is not a named defendant. Depending upon the time-frame, in Cohen's view, Defendant can mean either Commissioner Stewart or Commissioner Navarro. As explained in the Complaint:

Stewart was the Insurance Commissioner at all times relevant to this Complaint. As the statutory successor to Stewart, Defendant [*i.e.*, Navarro] is the automatic successor, as the Receiver of Indemnity Insurance Corporation, RRG., in Liquidation. Pursuant to Del. C. § 5911, both Defendant and Stewart are considered the Commissioner of Insurance for the purpose of this action.

(D.I. 1 at p.3).

---

[1]Navarro was elected in 2016 as the State of Delaware's 26th Insurance Commissioner and assumed office on January 4, 2017. *See* https://ballotpedia.org/ Trinidad_Navarro (last visited Jan. 11, 2018).

It is apparent when reading the Complaint, that "Defendant's" alleged actions were taken by Commissioner Stewart, and Commissioner Navarro is named only because he is Stewart's successor. The Complaint does not indicate whether the claims are raised against Navarro in his individual capacity or official capacity, but states that the action is brought against Commissioner Navarro "in his capacity as Receiver of Indemnity Insurance Corporation, RRG., In Liquidation." (*Id.* at p.1). Because Cohen proceeds *pro se*, the Court will address the claims under both capacities.

Cohen raises claims relating to a Delaware receivership action currently pending in the Court of Chancery of the State of Delaware, *In the Matter of the Liquidation of Indemnity Insurance Corporation, RRG*, C.A. No. 8601-CB. Indemnity Insurance Corporation, RRG ("IIC") is a risk retention group founded by Cohen and domiciled in Delaware. *Cohen v. Stewart*, 2014 WL 2574550, at *1 (D. Md. June 5, 2014). IDG Companies, LLC ("IDG") is an affiliated company owned by Cohen. *Id.*

After a routine investigation by the Delaware Department of Insurance uncovered concerns about IIC's solvency, Commissioner Stewart sought a seizure order from the Court of Chancery of the State of Delaware. *Id.* On May 30, 2013, the Court of Chancery entered a confidential seizure and injunction order that vested Commissioner Stewart with title to all IIC property. *Id.* The Complaint refers to the affidavit of John Tinsley, president and principal of Regulatory Insurance Service, Inc., submitted in support of the May 30, 2013, seizure petition, and relied upon by Defendant through counsel. (D.I. 1 at ¶¶ 23-24, 32(a)-(e)). The Complaint alleges incorrect statements in Tinsley's affidavit that: (1) a note receivable from IDC to IIC was not collectible

2

which resulted in an instant evaporation of $21 million worth of assets on the IIC balance sheet (*id.* at ¶ 32(a));[2] (2) a $5 million cash account at Susquehanna bank was not an admitted asset of IIC (*id.* at ¶ 32(b));[3] and (3) IIC's policy holder claims were underreserved in an amount not then determined but later identified as $14 million (*id.* at ¶ 31(e)).[4] On June 17, 2013, the seizure order was enrolled in the Circuit Court for Baltimore County in the State of Maryland, *State of Delaware v. Indemnity Insurance Corp., RRG*, No. 03-C-13006820 (Cir. Ct. Baltimore County, Md). *Id.*

On September 13, 2013, three IIC employees became aware of, and concerned about, unauthorized activity in their deferred-compensation accounts. Cohen was the only person with access to the accounts. *Id.* The employees contacted the Delaware Department of Insurance, and Commissioner Stewart froze the three accounts before they could be emptied. *Id.* On September 25, 2013, the Court of Chancery issued an order imposing sanctions against Cohen due to actions taken by him during the Court of Chancery proceedings. *Cohen v. State ex. rel. Stewart*, 89 A.3d 65, 80 (Del. 2014). On October 7, 2013, Cohen filed an expedited motion to modify or, alternatively, for

---

[2]The Complaint alleges that Defendant's counsel testified during Cohen's criminal matter that the IDC note receivable was performing and paid without fail.  (D.I. 1 at ¶ 67).

[3]The Complaint alleges Defendant verified and counsel certified in the Delaware Court, that the $5 million was an asset of IIC.  (D.I. 1 at ¶ 72).

[4]The Complaint alleges the $14 million increase proved to be fictional and designed to deceive the tribunal, IIC was accurately reserved at $20.3 million, Defendant's counsel testified the IIC's claims reserves were adjusted to arrive at a total policyholder claim exposure of $142,836,890, and prosecutors in Cohen's criminal case used the "unsupported testimony of Defendant's counsel" that IIC faced $152 million in losses.  (D.I. 1 at ¶¶ 53, 54, 56, 57).

3

relief from the order imposing sanctions. *Id.* The Court of Chancery denied the

motion without prejudice. *Id.* at 81. The Court of Chancery entered an additional

sanctions order against Cohen on November 1, 2013, following his continued

contumacious behavior. *Id.* at 81-83.

On November 6, 2013, Commissioner Stewart filed a petition for the entry of a

rehabilitation and injunction order with the consent of IIC's board. *Cohen v. Stewart*,

2014 WL 2574550, at *1. On November 7, 2013, the Court of Chancery entered the

order, placed IIC into receivership, and appointed Commissioner Stewart as the

receiver.[5] *Id.* Cohen then appealed to the Delaware Supreme Court challenging

multiple orders. *Cohen v. State ex. rel Stewart*, 89 A.3d at 68. "Central to [the]

appeal [was] whether the delinquency proceedings [for IIC] violated the constitutional

---

[5]On March 4, 2014, Cohen filed suit in the United States District Court for the
District of Maryland seeking injunctive relief to recover funds he alleged were unlawfully
and improperly seized as part of the IIC receivership because they were outside the
receivership's scope. The motion was denied on June 5, 2014 for failure to show the
likelihood of success on the merits due to want of jurisdiction and on abstention
grounds. *Cohen v. Stewart*, 2014 WL 2574550. On March 13, 2014, Cohen
commenced a second action in the United States District Court for the District of
Maryland raising claims related to the Delaware receivership. *Cohen v. INS
Consultants, Inc.*, 2015 WL 847473 (D. Md. Feb. 25, 2015). The matter was dismissed
on February 25, 2015 for want of jurisdiction. *Id.* at *1. On February 13, 2015, Cohen
commenced a third action in the United States District Court for the District of Maryland
raising claims related to the Delaware receivership. The case was dismissed on April
2, 2015. *Cohen v. Bealuk*, No. 15-470 (D. Md.) (D.I. 1), *aff'd*, 624 F. App'x 84 (4th Cir.
2015). On October 3, 2016, Cohen filed an action in this Court raising claims under 42
U.S.C. § 1983 as well as supplemental claims all related to C.A. No. 8601-CB. *Cohen
v. Birrane*, Civ. No. 16-893-RGA (D. Del.). The case was dismissed on June 23, 2017.
*Cohen v. Birrane*, 2017 WL 2709566 (D. Del. June 23, 2017). On October 31, 2016,
Cohen filed a purported independent action under Rule 60(d) in the Eastern District of
Pennsylvania, *Cohen v. Tinsley*, Misc. No. 16-210-EGS (E.D. Pa.), again raising claims
related to C.A. No. 8601-CB. The miscellaneous matter was dismissed on April 5,
2017. *Cohen v. Tinsley*, 2017 WL 1333370 (E.D. Pa. Apr. 5, 2017).

4

due process rights of [] Jeffrey B. Cohen." *Id.* Cohen had also filed a filed a motion for emergency relief in the Court of Chancery on December 31, 2013. *See* C.A. No. 8601-CB at BL-549.[6] On April 9, 2014, the Delaware Supreme Court affirmed the Court of Chancery's rulings and concluded there were no violations of Cohen's right to due process. *Cohen v. State ex. rel Stewart*, 89 A.3d at 68-69.

In the meantime, on July 26, 2013 and January 16, 2014, verified petitions for liquidation were filed in C.A. No. 8601-CB. (D.I. 1 at ¶ 31). Cohen alleges that the petitions contained false evidence. (*Id.* at ¶¶ 73-79). He also alleges that false testimony and false facts were presented to the Court of Chancery. (*Id.* at ¶¶ 46-72). On April 10, 2014, the day after the Delaware Supreme Court had ruled on the Cohen's due process claims, the Court of Chancery entered the liquidation order. *Cohen v. Stewart*, 2014 WL 2574550, at \*1. Cohen alleges that the Court of Chancery granted the liquidation petition based on false averments submitted to the tribunal by the Commissioner and Commissioner's counsel. (D.I. 1 at ¶¶ 73-79). Cohen refers to a statement in the Court of Chancery liquidation and injunction Order with bar date, "[t]he Commissioner has provided the court with evidence sufficient to support the conclusion that IICRRG is insolvent." (*Id.* at ¶ 79; C.A. No. 8601-CB at BL-786 at p.3). Cohen appealed the order, but it was dismissed after he failed to prosecute the appeal. *See Cohen v. State*, 100 A.3d 1020, 2014 WL 4384796 (Del. 2014) (table).

---

[6]"BL-549" is how Bloomberg Law designates docket items on court dockets.

5

Cohen was indicted and charged with fifteen counts of wire fraud, five counts of aggravated identity theft, two counts of money laundering, five counts of making false statements to an insurance regulator, and four counts of obstructing justice. *United States v. Cohen*, 2015 WL 4641072 (D. Md. Aug, 3, 2015). On June 5, 2015, he pled guilty to wire fraud, aggravated identity theft, making false statements to an insurance regulator, and obstructing justice. *Id*. He was sentenced on December 10, 2015, to a term of 240 months imprisonment. *See United States v. Cohen*, Crim. No. 14-310-GLR (D. Md.) (D.I. 590). Cohen takes exception to a statement made by Stewart in his criminal matter that "she does not personally participate in the delinquency proceedings or the operation of companies in receivership." (D.I. 1 at ¶ 23). The Complaint alleges that Cohen's sentence was based upon the false testimony of Defendant's counsel. (D.I. 1 at ¶ 58). Cohen appealed his conviction and sentence on December 15, 2015. The United States Court of Appeals for the Fourth Circuit dismissed all contentions of error, except for a Sixth Amendment issue and an *Apprendi* issue, and affirmed the district court's ruling on both issues. *See United States v. Cohen*, ___ F.3d___, 2018 WL 1936355 (4th Cir. Apr. 25, 2018).[7]

On February 15, 2017, Cohen filed a motion for leave to file a third party complaint in another Delaware action, *Indemnity Insurance Corporation v. Cohen*, C.A. No. 8985-CB (Del. Ch.), an action related to C.A. No. 8601-CB. Court of Chancery C.A. No. 8985-CB raises claims concerning Cohen's alleged misconduct in managing IIC during his tenure as a fiduciary of IIC and the validity of his employment agreement.

---

[7]To date, Cohen has not petitioned the United States Supreme Court for a writ of certiorari.

6

*Id.* at BL-106. The proposed third party complaint sought to raise claims pursuant to 42 U.S.C. § 1983 for negligence, conversion, breach of fiduciary duty, fraud, and tortious interference with business relationships against Commissioner Stewart and Tinsley. *Id.* On April 13, 2017, the Court of Chancery denied the motion on the grounds that Cohen's proposed third party claims were irrelevant to IIC's claims against Cohen and the motion failed to satisfy Court of Chancery Rule 14(a). *Id.*

On June 2, 2017, Cohen filed a motion for leave to file a counterclaim against non-parties Tinsley and Michael Johnson, a Regulatory Insurance Services employee, that raised substantially the same claims asserted in the proposed third party complaint. *Id.* at BL-183. On August 18, 2017, the Court of Chancery denied the motion for the proposed counterclaims against non-parties as a transparent attempt to evade the Court's April 13, 2017 order. *Id.* The Court of Chancery reiterated that it would not permit any claims against non-parties. *Id.* Cohen did not appeal.

During this time, Cohen continued with his filings in C.A. No. 8601-CB. On May 15, 2017, Cohen filed an "independent action for fraud on the court pursuant to Court of Chancery Rule 60," followed by an August 1, 2017 motion for leave to file an amended complaint to assert the fraud on the court claim as a separate action. *See* C.A. No. 8601-CB at BL-939, BL-961, BL-970. The motion was denied on August 18, 2017, on the grounds that Cohen is not a party to C.A. No. 8601-CB, and he did not have standing to file a motion or an independent action under Rule 60(b). *Id.* at BL-970. Cohen did not appeal.

On September 25, 2017, a little over a month after the Court of Chancery denied the Rule 60 motion in C.A. No. 8601-CB and the motion for leave to file a counterclaim

7

against non-parties in C.A. No. 8985-CB, this Court received Cohen's combined Rule 60(d) independent action for relief from judgment based on fraud on the court and complaint for damages and declaratory/injunctive relief against Navarro. The Complaint asserts jurisdiction pursuant to 28 U.S.C. § 1331 (federal question by reason of 42 U.S.C. § 1983 claims), 28 U.S.C. § 1332 (diversity of citizenship), 28 U.S.C. § 1343 (civil rights and elective franchise), and 28 U.S.C. § 1367 (supplemental jurisdiction). (D.I. 1 at ¶ 2). It contains four counts, as follows: Count I, fraud on the court (*id*. at ¶¶ 84-89); Count II, negligence/gross negligence (*id*. at ¶¶ 90-96); Count III, due process violations pursuant to 42 U.S.C. § 1983 (*id*. at ¶¶ 97-100); and Count IV supervisor liability/negligence under 42 U.S.C. § 1983 (*id*. at ¶¶ 101-07).

Cohen alleges Defendant's lawyers, as officers of the court, and certain other individuals, as agents of Defendant, intentionally fabricated evidence and knowingly certified false testimony to deceive the Court of Chancery, the court relied upon the false testimony, and then ruled in favor of Defendant in C.A. No. 8601-CB. (*Id*. at ¶ 1). Cohen states he has attempted to litigate matters and sought relief in multiple jurisdictions. (*Id*. at ¶ 80). He alleges Defendant failed to disclose and produce evidence in C.A. No. 8601-CB. (*Id*. at ¶ 81). Cohen alleges he did not have a full and fair opportunity to litigate the issues regarding the false information relied upon by the Court of Chancery when it deprived him of certain property interests and erred by utilizing false information in its decision. (*Id*. at ¶ 82). He alleges the fabricated evidence and subornation of false information submitted to the tribunals was done by counsel and, thus, not subject to cross examination. (*Id*. at ¶ 83). Cohen filed this

8

"action to secure a full and fair opportunity for a meaningful adjudication of the merits."
(*Id.* at ¶ 82).

Cohen seeks declaratory and injunctive relief, as well as compensatory
damages. The declaratory relief sought, includes, but is not limited to, construing
evidence relied upon by the Court of Chancery in a different manner from the Court of
Chancery; finding Defendant and his attorney submitted false information to the Court
of Chancery and other tribunals; finding the Court of Chancery relied upon false
information and that the false information deprived Cohen of certain property interests;
and finding tribunals were deceived by the acts of Defendant and his attorney. The
injunctive relief sought includes enjoining further utilization of the alleged false
information submitted by Defendant and his attorney, and for this Court to amend the
April 10, 2014 liquidation order issued by the Court of Chancery to provide relief for
Cohen from alleged erroneous findings.

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening
provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or
malicious, fails to state a claim upon which relief may be granted, or seeks monetary
relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d
448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28
U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental
defendant). The Court must accept all factual allegations in a complaint as true and
take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of
Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93

9

(2007). Because Cohen proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Cohen leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than

10

simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem1 Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The complaint in this case is not viable in this Court, for multiple reasons. I do not address most of them, because to do so would unnecessarily extend the length of this opinion.

## III. DISCUSSION

### A. Abstention

Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). The Court may raise the issue of *Younger*

11

abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, 786 n.1 (3d Cir. 1994). Under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[8] *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions.[9] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

The Court takes judicial notice that the IIC Receivership proceedings remain pending in the Court of Chancery. The relief sought in the Complaint includes declaratory and injunctive relief that appears to implicate the receivership proceedings. Cohen seeks the declaration of various facts that were litigated in the Court of Chancery, including that the "Delaware Court relied upon the false information [thereby] depriv[ing] Cohen of certain property interests." (D.I. 1 at 16). He seeks to "enjoin the

---

[8] The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

[9] Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

12

further utilization of the false information." (*Id.*)    He requests that this Court "amend" the Court of Chancery's April 10, 2014, liquidation order. (*Id.*)

As to the second element, Delaware has an important state interest in regulating the insurance industry and protecting the interests of policyholders and creditors from delinquent insurers.

As to the third element, the Court takes judicial notice of the numerous cases filed by Cohen in conjunction with the allegations raised in the Complaint.  Cohen has had many opportunities to appeal decisions of Delaware Courts or to file independent actions in Delaware Courts.  He appealed in C.A. 8601-CB, resulting in a comprehensive opinion by the Delaware Supreme Court. *See Cohen v. State ex. rel. Stewart*, 89 A.3d 65 (Del. 2014).  Cohen appealed the April 10, 2014 Court of Chancery liquidation and injunction Order with bar date in the same case, but he failed to prosecute the appeal.  Cohen did not appeal the Court of Chancery's April 13, 2017 order in C.A. No. 8985-CB denying him leave to file a third party complaint against Commissioner Stewart and Tinsley, nor the August 18, 2017 order that denied Cohen motion for leave to file a counterclaim against non-parties Tinsley and Michael Johnson.[10]  Nor did he appeal the Court of Chancery's August 28, 2017 order in C.A. No. 8601-CB that denied him leave to file an amended complaint to assert the fraud on

---

[10]Cohen filed a § 1983 claim against Commissioner Stewart in this Court raising similar claims, Civ. No. 16-893-RGA.  The claims against Commissioner Stewart were dismissed as time-barred. *See id.* at D.I. 14, 15.

13

the court claim as a separate action. Cohen has not shown or alleged that he was prevented from appealing those decisions.

Moreover, the Delaware Supreme Court's April 9, 2014 decision, *Cohen*, 89 A.3d 65, discussed two of the fraud on the court claims Cohen now raises -- the IDG note receivables, and the $5.1 million cash in an account at Susquehanna Bank. The ruling stated that Cohen had not denied or substantively contested the fraud allegations in the Court of Chancery proceedings. In addition, it discussed the fact that Cohen did not appear at a scheduled September 24, 2013 hearing where he could have presented evidence. Instead, he submitted an affidavit that addressed the allegations without given the opposing side the opportunity to cross-examine him.

Finally, the Court takes judicial notice that Cohen continues with his filings in C.A. No. 8601-CB. On February 8, 2018, Cohen filed a Rule 60 independent action for relief from Court Order based on fraud on the court. See C.A. No. 8601-CB at BL-1008. The motion is opposed by Commissioner Navarro and it remains pending.

Clearly, Cohen has an adequate opportunity to raise his federal claims in state court. Indeed, he has raised many claims in the Delaware Courts and, of course, he may also raise claims brought under Delaware law in the Delaware State courts. *See Laziridis*, 591 F.3d at 670. Nothing indicates that the Delaware courts are inadequate for addressing Cohen's claims. For these reasons, the Court should abstain under the *Younger* abstention doctrine.

## B.    Count I, Fraud on the Court

Cohen brings this action, in part, under Rule 60(d) as an independent action for relief from judgment based upon fraud on the court. While the Complaint does not

14

provide the specific sub-section of Rule 60(d), it alleges fraud on the court, which falls under Rule 60(d)(3). Rule 60(d) gives a court the power to "entertain an independent action to relieve a party from a judgment, order or proceeding" and/or "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(1), (3). There is no other relief provided for by Rule 60(d). Cohen's claims are nothing more than another attack on the rulings in C.A. No. 8601-CB. For the reasons that follow, the Court will dismiss Count I for lack of jurisdiction and/or dismiss it as frivolous as attacking the validity of a criminal conviction or sentence.

## 1. Jurisdiction

Fraud on the court is an equitable remedy allowing a federal court to grant relief from a federal judgment, not a state judgment. *See Andersen v. Roszkowski*, 681 F. Supp. 1284, 1291 (N.D. Ill. 1988) ("Federal courts have inherent subject-matter jurisdiction to review federal judgments obtained by fraud on the court."); *LaMie v. Wright*, 2014 WL 1686145, at \*14 (W.D. Mich. Apr. 29, 2014) ("The federal courts will not entertain a collateral attack on a state judgment on the basis of 'fraud on the court' in an action for damages."). "Only the court that had jurisdiction over the original judgment . . . can provide relief from that judgment through an independent action." *Farris v. Burton*, 2016 WL 4015032, at \*7 (D. Kan. July 27, 2016) (quoting *Atkins v. Heavy Petroleum Partners, LLC*, 635 F. App'x 483, 489 (10th Cir. 2015)); *see also United States v. Beggerly*, 524 U.S. 38, 45-46 (1998) (an "independent action" for fraud "may be regarded as ancillary to the prior suit, so that the relief asked may be granted by the court which made the decree in that suit . . . . The bill, though an original bill in the chancery sense of the word, is a continuation of the former suit, on the question of

15

the jurisdiction of the [court]"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (federal court's inherent power is what "allows a federal court to vacate its own judgment upon proof that a fraud has been perpetrated upon the court"); *Crosby v. Mills*, 413 F.2d 1273, 1275–76 (10th Cir. 1969) (holding that jurisdiction for a fraud on the court claim is ancillary to the jurisdiction for the original claim); *Toucey v. N.Y. Life Ins. Co.*, 314 U.S. 118, 136 (1941) (calling the foundation of a line of earlier Supreme Court cases allowing federal courts to entertain collateral attacks on state court judgments "very doubtful").

This Court did not have jurisdiction over the original liquidation order. The Court of Chancery of the State of Delaware had, and continues to have, jurisdiction over C.A. No. 8601-CB. Therefore, only the Court of Chancery, and not this Court, can provide relief from the judgment through an independent action. Count I will be dismissed for want of jurisdiction.

## 2. Criminal Conviction and Sentence

On April 25, 2018, the United States Court of Appeals for the Fourth Circuit decided Cohen's criminal appeal and a judgment order issued the same day. Under Sup. Ct. R. 13, Cohen has 90 days after entry of the judgment to petition for a writ of certiorari to the United States Supreme Court.

Cohen's claim of fraud on the court directly implicates his criminal conviction and sentence. In his criminal appellate brief filed in the United States Court of Appeals for the Fourth Circuit, he claims there was sufficient money available to pay IIC's claims and raises the $14 million in indemnity assets issue, the IDG note IIC held as an asset issue, and the government's reliance upon the declaration of an attorney for the receiver issue. *See United States v. Cohen*, No. 15-4780 at D.I. 48-1 at pp. 46, 49, 54

16

(4th Cir.). Notably, Cohen's criminal appeal brief states that IIC was seized by Delaware authorities in May 2013 after Cohen admitted to faking $5.1 million dollars in assets. *Id.* at p. 46. This statement contradicts Cohen's claim in this action that the $5.1 million held at Susquehanna Bank was a valid asset of IIC, and his claim that Tinsley falsely claimed it was not.

Cohen alleges that prosecutors in his criminal case used "the unsupported testimony" and the judge in the criminal matter sentenced him to 37 years based upon the "false testimony of Defendant's counsel." (D.I. 1 at ¶ 58). A ruling in this case could implicitly call into question the validity of Cohen's conviction or duration of sentence. To the extent that Cohen attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson,* 435 F. App'x 56 (3d Cir. 2011).

Thus, to the extent Cohen is challenging his criminal conviction, there is no jurisdiction in this Court to hear that challenge.

## C. Count II, Negligence/Gross Negligence, Count III, 42 U.S. C. § 1983 Due Process; Count IV, 42 U.S.C. § 1983, Supervisor Liability

The claims in Counts II, III, and IV are time-barred. Count II raises negligence and gross negligence claims. Because there are claims of negligence which proximately caused harm to Cohen, the claims sound in personal injury. Counts III and IV raise claims under 42 U.S.C. § 1983.

In Delaware, negligence and gross negligence claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119. Similarly, for purposes of the statute of limitations, 42 U.S.C. § 1983 claims are characterized as personal injury actions and are also subject to a two year limitation period. *Wilson v. Garcia*, 471 U.S. 261, 275

17

(1983); see 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).

In Delaware, personal injury claims accrue at the time of the injury, *Nardo v. Guido DeAscanis & Sons, Inc.*, 254 A.2d 254, 256 (Del. Super. 1969), while § 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based," *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

Cohen filed his Complaint on September 13, 2017.[11]  The last act complained of by Cohen in the Complaint occurred on April 10, 2014, when the Court of Chancery issued its liquidation and injunction order with bar date.  Appendix A attached to the Complaint provides a timeline of events from May 30, 2013 to April 2014 for matters related to Court of Chancery cases (D.I. 1-1 at ¶¶ 27-24, 31-34) and from July 20, 2015

---

[11]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule."  A prisoner's filing is deemed filed as of the date it is delivered to prison officials for mailing to the Court.  *See Houston v. Lack*, 487 U.S. 266 (1988).

Here, Cohen's Complaint was signed on September 10, 2017, and the cover letter mailing it to the Clerk of Court is dated September 13, 2017.  The envelope is not post-marked.  Therefore, the Complaint was delivered to prison authorities for mailing on or after September 13, 2017, and I will treat that as the date of filing.

18

through December 2015 for matters related to Cohen's criminal case (id. at ¶¶ 27, 36, 38, 41, 42, 44, 46-47). Appendix A refers to a "recent filing" (with no date) in C.A. No. 8601-CB, where counsel for Defendant certified IIC was "underreserved by \$14 million." (Id. at ¶ 48). Appendix A sets forth a timeline for allegations relating to being underreserved. November 2013 to January 2014, statements that IIC is underreserved by \$14 million; August 2015, statements that IIC is underreserved by \$30 million; August 19-25, 2015, "claim exposure" is \$152 million. (Id. at ¶¶ 51-52). As a result, the Court does not considered the "recent filing" statement in its analysis as Cohen alleges that the same statement was made more than three years before this lawsuit was filed. Moreover, this single act, assuming it was made "recent[ly]" in relation to the filing of the lawsuit, would be the only act that could remotely be considered as having been taken by someone while supervised by Commissioner Navarro, who only took office in January 2017. The single act could not rise to the level of a constitutional violation.

In determining whether the § 1983 claims are time-barred, the relevant dates are those related to actions taken in the Court of Chancery, the last date occurring in April 2014.[12] Hence, it is evident from the face of the Complaint that personal injury and § 1983 claims are barred by the two year limitations period, having been filed over a year after the expiration of the two-year limitation period. Therefore, the Court will dismiss

---

[12] As discussed above, acts relating to Cohen's criminal case, including those allegedly taken by witnesses, challenge his conviction and sentence. Also, Stewart and other witnesses have absolute witness immunity for statements they made during the criminal proceeding. See Rehberg v. Paulk, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); see also Pelino v. Hens-Greco, 693 F. App'x 104, 107 (3d Cir. 2017) (absolute witness immunity in § 1983 case).

Counts II, III, and IV as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment of these time-barred claims would be futile.[13]

To the extent the claims are raised against Navarro in his official capacity as Insurance Commissioner, seeking monetary damages, he is immune from suit. The Eleventh Amendment protects states and their agencies and departments from suit in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). "A state cannot be sued in federal court by citizens of another state or its own citizens, *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974), or by citizens of a foreign state, *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)." *Johnson v. Duncan*, __F. App'x__, 2017 WL 4417615 (3d Cir. Oct. 4, 2017). In addition, a suit against a state official in his official capacity "is not a suit against the official but rather is a suit against the official's office" and, as such, is no different than a suit against the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *McDuffy v. Koval*, 226 F. Supp. 2d 541, 550 (D. Del. 2002) (suit against Delaware Insurance Commissioner in his official capacity is dismissed by reason of Eleventh Amendment immunity).

The Eleventh Amendment does permit suits for prospective injunctive relief against state officials acting in violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (internal citations omitted). Cohen does seek prospective injunctive relief to "enjoin the further utilization of the false information submitted by Defendant and his

---

[13] As noted in my earlier opinion in *Cohen v. Birrane*, 2017 WL 2709566, at \*2-3 (D. Del. June 23, 2017), Cohen filed suit against former Commissioner Stewart for racketeering as far back as May 2014. Inasmuch as he only purports to sue Commissioner Navarro as her successor, the earlier lawsuit shows that Cohen knew of his claims more than three years before he filed the instant lawsuit.

20

counsel" (see D.I. 1 at 16)," but, as discussed above, the Court would therefore need to abstain as such relief cannot be entertained in light of the *Younger* abstention doctrine.

The supervisory liability and negligence claims raised under § 1983 fail for lack of personal involvement and as a matter of law. Cohen is clear that all acts were taken by Commissioner Stewart, and not by Commissioner Navarro. Naming Navarro as a defendant merely because he is the successor to Stewart is improper given that § 1983 requires proof of personal participation in the alleged unlawful conduct in order to recover against Navarro. None of the claims speak to actions taken by Navarro. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Iqbal*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100–01 (3d Cir. 2009) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). In addition, mere negligence in and of itself does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 330-30 (1986). In light of the foregoing, the Court will dismiss Counts II, III, and IV.

## IV. CONCLUSION

For the above reasons, the Court concludes that suing Commissioner Navarro is frivolous and cannot be sustained. The Court will: (1) dismiss Count I for lack of jurisdiction, and determine that it cannot be pursued in this Court against Commissioner Navarro or anyone else, and it is therefore legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), and amendment would be futile; and, in the alternative, abstain under the *Younger* abstention doctrine; and (2) dismiss Counts II, III, and IV as time-barred, barred by the Eleventh Amendment, and failing to state a

claim against Commissioner Navarro, and therefore legally frivolous and failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)&(ii) and § 1915A(b)(1). The Court finds amendment in regard to Commissioner Navarro to be futile, but cannot say that there might not be someone else against whom a viable complaint could be filed. Therefore, leave to amend will be permitted, but not as to Count 1 or as to Commissioner Navarro.

An appropriate order will be entered.