IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY COHEN, | : |
| Plaintiff, | : |
| v. | : Civ. No. 17-1352-RGA |
| JEFFREY MICELI and JOHN TINSLEY, | : |
| Defendants. | : |

## **MEMORANDUM ORDER**

At Wilmington this 23 day of May, 2019, having considered Plaintiff's motion to modify order pursuant to Fed. R. Civ. P. 59 (D.I. 17), construed as a motion for reconsideration;

IT IS ORDERED that motion for reconsideration (D.I. 17) is **DENIED**, for the reasons that follow:

On March 19, 2019, the Court abstained from this matter under the *Younger* abstention doctrine and, in the alternative, dismissed the Amended Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff asks the Court to modify footnote 7 of its opinion, which stated that claims raised against Miceli "appear[ed]" to be barred by Delaware's absolute privilege doctrine. (D.I. 17). Plaintiff does not address the fact the Court abstained from this matter under the *Younger* abstention doctrine, or the various other bases for the Court's alternative holding.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann,*

1

*Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A Rule 59(e) motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

The Court has reviewed the filings and its Memorandum Opinion and Order that abstained from this matter under the *Younger* abstention doctrine and, in the alternative, dismissed the Amended Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). In doing so, the Court finds that Plaintiff has failed to demonstrate any of the grounds necessary to warrant reconsideration. The Court considers the statement to be unnecessary to the Court's decisions (as evidenced by its placement in a footnote). Therefore, Plaintiff's motion for reconsideration (D.I. 17) will be denied.

Richard G. Andrews
UNITED STATES DISTRICT JUDGE